WILLIAM C. ANNAN *against* HENRY A. RITCHIE and others.

(Decided February 7th, 1876.)

Where the court was of opinion that the claim of the plaintiff (which had been rejected) was of a character scarcely escaping what is. denominated as "lobby services:" *Held*, to be a good ground for refusing the plaintiff leave to go to Court of Appeals.

Where the determination of a suit depends upon the construction of a written instrument, leave to go to the Court of Appeals will not be granted where there is no dissent among the judges of the general term, and where there is no question of general interest or public importance involved.

MOTION for leave to go to the Court of Appeals.

*Samuel J. Glassey*, for plaintiff.

*Roger A. Pryor*, for defendants.

ROBINSON, J.—This is not a case in which any order should be made granting leave to go to the Court of Appeals, for the reasons, viz. :

*First.* The consideration stated in plaintiff's undertaking, " to release the tobacco now held by the United States government as liable to be taxed 32 cents per pound, if withdrawn from consumption," involving (as disclosed in his testimony) the comings and goings to and among different members of Congress and other government officials, the private and personal appeals or applications to them, the soliciting them for

favorable recognition and favoring of the matter he had in charge, partakes of a character scarce escaping what is denominated "lobby services" (*Trist* v. *Child*, 21 Wall. 441), for which the law denies any compensation. Professional jobs that of necessity require personal appeals and private importunities to and with members of government, and solicitations of their favorable action, are discountenanced by public policy, and find little favor in the courts when remuneration therefor is sought by legal action.

*Second.* The general term of this court, upon due deliberation, and without dissent of any of its members, have given construction to the agreement in question, unfavorable to the claims of the plaintiff. It is by law the court of final resort in such cases, unless where some principle of general interest is involved, as to which it entertains grave doubts, or deeming it so important that it should be settled by the Court of Appeals.

That suggested by this case is but as to the construction of the private agreement between the parties, and to allow any such further contest, would be affording the case a consideration, which neither its importance or merits deserve.

The motion should be denied, with $10 costs.

DALY, Ch. J., concurred.

LARREMORE, J.—According to our previous rulings, this motion should be denied.

Motion denied, with ten dollars costs.